IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEMARIO WALKER, #L1625,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 09-0501-CG-C |
| **MOBILE COUNTY CLERKS,** | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This action, filed under 42 U.S.C. § 1983 by a Mississippi prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that this action for the denial a marriage license to plaintiff and his partner of the same gender be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury.

28 U.S.C. § 1915(g).

In the present action, the Court discovered, in its review of the dockets of federal courts in other jurisdictions, that this action was filed by an inmate who previously had at least three actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted, namely, <u>Walker v. State of Mississippi, et al.</u>, CA 04-00140-TSL-JCS (S.D. Miss. July 25, 2006) (action challenging same-sex marriage ban failed to state a claim); <u>Walker v. Mississippi Parole Bd., et al.</u>, CA 08-00132-HTW-LRA (S.D. Miss. May 29, 2008) (frivolous), <u>appeal dismissed as frivolous</u>, (5th Cir. July 14, 2009); <u>Walker v. Barbour, et al.</u>, CA 08-00096-TSL-JCS (S.D. Miss. Mar. 12, 2009) (claim challenging same-sex marriage ban was malicious because it was previously litigated and the other claim was frivolous); <u>Walker v. Jackson, et al.</u>, CA 08-00221-DCB-MTP (S.D. Miss. July 14, 2008) (malicious because duplicative); <u>Walker v. United States, et al.</u>, CA 08-03025-ENV-LB (E.D.N.Y. Aug. 15, 2008) (action challenging same-sex marriage ban dismissed under 1915A(b)), <u>appeal dismissed as frivolous</u>, (2d Cir. June 9, 2009); <u>Walker, et al. v. San Diego County Clerks, et al.</u>, CA 08-01504-JLS-NLS (S.D. Cal. Nov. 25, 2008) (action for denial of same-sex marriage dismissed as frivolous and because it was duplicative); and <u>Walker v. United States, et al.</u>, CA 08-01314-JAH-LSP (S.D. Cal. Dec. 3, 2008) (action for denial of same-sex marriage

dismissed for failure to state a claim upon which relief can be granted).[1]  Thus, plaintiff comes within the purview of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury."[2]

After reviewing the complaint (Doc. 1) to determine if plaintiff satisfied the requirement that he was "under imminent danger of serious physical injury" at the time of filing, the Court concludes that plaintiff does not satisfy this requirement.  In the complaint received on August 5, 2009, plaintiff complains that his partner and he were denied a marriage license because of their sex and sexual orientation and that the Alabama statute prohibiting same-sex marriage was unconstitutional.  (Doc. 1 at 4). Plaintiff indicates that his claims arose on October 15, 2007 and December 20, 2007 or December 8, 2007.  (Id).  Based on these dates it appears that plaintiff's claims occurred well before he filed the present complaint, thereby undercutting any showing of imminency.

Past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under

---

[1] Not only did the Court find these actions, the Court discovered that plaintiff had filed at least fifty other federal actions.  Many of these actions were dismissed pursuant to 28 U.S.C. § 1915(g).  Thus, plaintiff was well aware of § 1915(g) and its implications when he filed the present action.  Furthermore, he filed several other actions based on the denial of a marriage certificate for a same-sex marriage.

[2] The Court, by separate order, is revoking its prior grant of plaintiff's motion to proceed without prepayment of fees in light of the Court's discovery of his prior actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted.

imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).  Thus, in order to satisfy the exception to § 1915(g), a "plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).  Plaintiff has not done this.

Plaintiff's failure to show that he was "under imminent danger of serious physical injury" when he filed the present action prevents his action from coming within § 1915(g)'s exception.  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time

he initiates the action).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this the 26th day of March, 2010.

    s/WILLIAM E, CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).